IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-379-D-1
No. 5:11-CV-551-D

JONATHON LEIF HARDISON,         )
                                )
                   Petitioner,  )
                                )
      v.                        )        **ORDER**
                                )
UNITED STATES OF AMERICA,       )
                                )
                   Respondent.  )

On November 7, 2011, Jonathon Leif Hardison ("Hardison") filed a corrected motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 29]. Hardison relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On January 23, 2013, the government moved to dismiss the motion [D.E. 31]. As explained below, the court grants the government's motion to dismiss.

On June 7, 2010, Hardison pleaded guilty, without a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 [D.E. 3, 20]. On September 9, 2010, the court sentenced Hardison to 48 months' imprisonment [D.E. 22–23]. Hardison did not appeal his conviction or his sentence.

Hardison asserts that his possession of a firearm by a felon conviction should be vacated because, in light of Simmons, he no longer has a predicate felony offense. [D.E. 29] 4, 12. As stated in the presentence report ("PSR"), in 2003 Hardison was convicted of four counts of accessory after the fact to robbery with a dangerous weapon. See PSR ¶ 7. According to Simmons, when a sentencing court is determining whether a prior conviction is a felony, the court must look to the maximum sentence that could have been imposed based on the defendant's actual prior record level. See 649 F.3d at 243. Here, Hardison's 2003 conviction was a Class F felony and, at the time of his state sentencing, Hardison had a prior record level of I. See Gov't Resp., Ex. 1 [D.E. 32-1] (state

judgment); see also PSR ¶ 7. Accordingly, the maximum sentence Hardison could have received for his conviction was 20 months. See, e.g., Gov't Resp., Ex. 1; N.C. Gen. Stat. § 15A-1340.17(c)–(d) (2001); PSR ¶ 7. Thus, Simmons provides no relief to Hardison. See United States v. Thompson, 480 F. App'x 201, 203–04 (4th Cir. 2012) (per curiam) (unpublished).

After reviewing the claim presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of Hardison's claim debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c).

Therefore, the court GRANTS the government's motion to dismiss [D.E. 31] and DENIES Hardison's motions to vacate his sentence [D.E. 25, 29]. The court also DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 7 day of May 2013.

JAMES C. DEVER III
Chief United States District Judge